# Exhibit B

# Exhibit B-1

# EXHIBIT B1 HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit B-2

EFiled: Dec 20 2019 03:20PM EST
Transaction ID 64540413
Case No. N19C-12-160 MMJ CCLD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| RIVER VALLEY INGREDIENTS, LLC, TYSON POULTRY, INC., and TYSON FARMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN PROTEINS, INC. n/k/a CROSSROADS PROPERTIES A, INC., AMPRO PRODUCTS, INC. n/k/a CROSSROADS PROPERTIES B, INC., GEORGIA FEED PRODUCTS COMPANY, L.L.C. n/k/a CROSSROADS PROPERTIES C, LLC, THOMAS N. ("TOMMY") BAGWELL, DON MABE, MARK HAM, and MIKE HULL, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 

N19C-12-160 MMJ CCLD

C.A. No. _____-CCLD

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE COMPLAINT UNDER SEAL**

Plaintiffs River Valley Ingredients, LLC (f/k/a Tyson Blending, LLC), Tyson Poultry, Inc., and Tyson Farms, Inc. (collectively "Tyson") respectfully move pursuant to Superior Court Rule 5(g) for leave to file Tyson's Complaint and related exhibit under seal. A copy of Tyson's proposed Complaint is attached hereto as Exhibit 1. The bases for Tyson's motion are as follows:

1.  Superior Court Rule 5(g)(2) states, in relevant part, "Court Records or portions thereof shall not be placed under seal unless and except to the extent that

the person seeking the sealing thereof shall have first obtained, for good cause shown, an order of this Court specifying those Court Records, categories of Court Records, or portions thereof which shall be placed under seal[.]"

2. Tyson respectfully submits that good cause exists for the submission of the Complaint and accompanying exhibit under seal. Tyson's Complaint arises from the sale and purchase of certain assets pursuant to an Asset Purchase Agreement by and among Tyson Poultry, Inc., American Proteins, Inc., AMPRO Products, Inc., and Georgia Feed Products Company, L.L.C., dated May 14, 2018 ("Asset Purchase Agreement").

3. The Complaint, as well as the Asset Purchase Agreement attached thereto, contain non-public, confidential, and sensitive business information, including, without limitation, customer identity and sales information, supplier information, contract information, detailed financial information, personnel information, and other detailed, confidential information concerning the subject assets and business, as well as the operation of the business. The disclosure of such information would result in material harm to Tyson. Indeed, to ensure such information remained confidential, the Asset Purchase Agreement includes a non-disclosure provision, requiring that American Proteins, Inc., AMPRO Products, Inc., and Georgia Feed Products Company, L.L.C. (collectively "API"):

> (a) shall, and shall cause its Affiliates to, hold any and all items constituting Business Information communicated or transmitted to, or

2

> otherwise obtained by, the Seller in strictest confidence, and (b) shall not, and shall cause its Affiliates not to, regardless of the reason therefore, directly or indirectly make use of, exploit, disclose, or divulge any Business Information to any other Person....

The Asset Purchase Agreement goes on to define "Business Information" as:

> all information and materials pertaining to the Business, including customer information, Sellers' business methods, policies, procedures, techniques, inventions, trade secrets, sales and marketing strategies, financial statements, sales and gross profit data, employee and independent contractor rosters and profiles, pricing and cost data, contract information, know-how and all other information relating to or dealing with the Business

The Asset Purchase Agreement is attached as Exhibit A to Tyson's Complaint.

4.  Accordingly, Tyson respectfully submits that good cause exists for the sealing of the Complaint and accompanying exhibit. Tyson intends to file a redacted public version of the Complaint within thirty (30) days in accordance with Superior Court Civil Rule 5(g)(2). For the foregoing reasons, Tyson respectfully requests that the Court grant leave to file its Complaint and related exhibit under seal pursuant to Superior Court Rule 5(g)(2).

December 18, 2019

OF COUNSEL

Edward S. Sledge IV
Whitt Steineker
Zachary A. Madonia
Hillary C. Campbell
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000

BAYARD, P.A.

*/s/ Sarah T. Andrade*

Stephen B. Brauerman (#4952)
Sarah T. Andrade (#6157)
600 North King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000

*Attorneys for Plaintiffs*

4

# Exhibit B-3

EFiled: Dec 20 2019 03:20PM EST
Transaction ID 64540413
Case No. N19C-12-160 MMJ CCLD

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RIVER VALLEY INGREDIENTS, LLC, TYSON POULTRY, INC., and TYSON FARMS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. _____-CCLD |
| AMERICAN PROTEINS, INC. n/k/a CROSSROADS PROPERTIES A, INC., AMPRO PRODUCTS, INC. n/k/a CROSSROADS PROPERTIES B, INC., GEORGIA FEED PRODUCTS COMPANY, L.L.C. n/k/a CROSSROADS PROPERTIES C, LLC, THOMAS N. ("TOMMY") BAGWELL, DON MABE, MARK HAM, and MIKE HULL, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

[PROPOSED] ORDER

Plaintiffs River Valley Ingredients, LLC (f/k/a Tyson Blending, LLC), Tyson Poultry, Inc., and Tyson Farms, Inc. (collectively "Tyson"), having moved for an order permitting the filing of the Compliant and related exhibit in this action under seal, and the Court having considered such motion and good cause having been shown,

IT IS HEREBY ORDERED this 20th day of December, 2019, that:

1. Tyson may file its Complaint and related exhibit under seal;

2. Tyson will file a redacted version of the Complaint within thirty (30) days in accordance with Superior Court Rule 5(g)(2); and

3. All filings made pursuant to this Order shall contain the following language in the footer of each page: "THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY COURT ORDER."

_____
Judge

FILED
NCC PROTHONOTARY
H
2019 DEC 20 P 12: 40